NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOURISTIC ENTERPRISES COMPANY, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> TRANE INC., ROUSTAN UNITED LLC, : <br> BURLEYS ARENA ICE SYSTEMS, : <br> BURLEYS RINK SUPPLY, INC., : <br> ROUSTAN BURLEYS, LLC, AND : <br> ROUSTAN UNITED ARENA : <br> SOLUTIONS, : <br> : <br> Defendants. : <br> : | Civil Action No. 09-02732 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

This matter comes before the Court on the motion to dismiss count III and count V of Plaintiff's Complaint filed by Defendant Trane, Inc. (docket entry 7). Plaintiff Touristic Enterprises Company ("Plaintiff") has opposed the motion to dismiss (docket entry 12). The Court has opted to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. After consideration of the parties' briefing, the Court has determined that it will deny Defendant's motion to dismiss. In the following discussion, the Court gives its reasons for the decision.

I.  BACKGROUND

Plaintiff Touristic Enterprises Company ("Plaintiff" or "Touristic") owns an ice skating rink located in Kuwait City, Kuwait.  On May 24, 2005, Plaintiff entered into a contract with Defendant Roustan United, LLC. ("Roustan") for the supply of certain chilling equipment.  The equipment was manufactured by Defendant Trane, Inc. ("Trane").  Prior to the execution of the contract, Roustan represented via a proposal that it would use certain Trane equipment to meet Plaintiff's needs.  After contract execution, Roustan sought to modify the Trane equipment that would be used.  Before allowing the modification of equipment and before making any payments, Plaintiff sought assurance from Trane that the proposed new equipment would adequately meet Plaintiff's needs.  In response, Trane made various statements that Plaintiff allegedly relied upon in accepting the equipment modification and in authorizing payments.  Subsequently, the equipment failed to perform as warranted.  Plaintiff alleges that Trane has breached various express and implied warranties (Count I), committed fraud and fraudulent inducement (Count III) and committed violations of the Consumer Fraud Act (Count V).  Defendant Trane seeks dismissal of the fraud based claims, Counts III and V, based on the economic loss doctrine.

II.  DISCUSSION

A.  Standard of Review

Defendant brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the claims asserted in the Complaint for failure to state a claim upon which relief may be granted.  When evaluating the sufficiency of claims, the Court must apply the plausibility

standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). In Twombly and Iqbal, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.)

The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." Id. at 1949-50; Twombly, 550 U.S. at 555-57. While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (relying on Twombly to hold that to survive a motion to dismiss a Complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element").

The Court must consider the Complaint in its entirety and review the allegations as a whole and in context. Iqbal, 129 S.Ct. at 1950. In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents

attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record.  Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007).

### B. Economic Loss Doctrine

I.  Count III - Fraud and Fraudulent Inducement

It is clear that no New Jersey Supreme court case holds a fraud claim cannot be based on the same facts as an underlying contract claim.  Gleason v. Northwest Mortgage, Inc. 243 F.3d 130, 144 (3d Cir. 2001) (analyzing the state of the economic loss doctrine in New Jersey).  As posited by the Court in Gleason, however, the exact parameters of the economic loss doctrine are both complex and troublesome.  The New Jersey Supreme Court has yet to define exactly what types of fraud claims may be brought in conjunction with breach of contract claims. Id.  In rendering its opinion, this Court is not defining the precise parameters of the economic loss doctrine as it will be viewed by the New Jersey Supreme Court.  Existing precedent, however, concludes that the economic loss doctrine will be applied with a good deal of moderation, likely to be tailored narrowly to the specific facts at issue, so as to not inappropriately bar meritorious causes of action.

The economic loss doctrine does not apply to statements extrinsic to the performance of the contract.  Capitalplus Equity, LLC v.  Prismatic Dev.  Corp., Civ. No. 7-321, 2008 WL 2783339, at *6 (D.N.J. July 16, 2008) (positing that while the economic loss doctrine is unsettled in New Jersey, it is clear the doctrine will not bar fraud that is extrinsic to the underlying contract). Generally, fraud claims that are extrinsic to the underlying contract, and consequently not barred under the economic loss doctrine, are claims for fraudulent inducement.  See, e.g.,

D&D Assocs. Inc. v. Bd. of Educ. of N. Plainfield, No. 03-1026, 2007 WL 4554208, at *27 (D.N.J. Dec. 21, 2007); Payne v. Fujifilm U.S.A., Inc., No. 07-385, 2007 WL 4591281, at *1 (D.N.J. Dec 28, 2007). On the other hand, fraud claims intrinsic to the contract are generally barred by the economic loss doctrine. Claims intrinsic to the contract are based solely on the failure to perform. In other words, where there is every adequate remedy in contract, and the sole claim is that a contracting party did not perform as warranted, the economic loss doctrine may bar a fraud based claim. Alloway v. Gen. Marine Indus., L.P., 695 A.2d 264, 268 (N.J. 1997). In Alloway, the Supreme Court of New Jersey posited that when "a product fails to fulfill a purchaser's economic expectations, contract principals . . . provide a more appropriate analytical framework." Id. The Court does not disagree that when there is solely a product defect or breach of contract, contract remedies may be the more appropriate remedy. Here, however, Plaintiff has alleged more than a product defect or breach of contract. Plaintiff has adequately alleged that Plaintiff justifiably relied upon false representations made by Trane and that such representations induced Plaintiff to permit the equipment modification. Hunt v. United States Tobacco Co., 538 F.3d 217, 225 (3d Cir. 2008) (the elements of common-law fraud are: "(1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result."). Here, Plaintiff has adequately alleged the elements of common law fraud and fraudulent inducement.

  While the dividing line between extrinsic and intrinsic fraud claims may be fuzzy, the Court is satisfied that the allegations of fraud are extrinsic to the underlying contract. Here, Plaintiff adequately alleges that Trane made specific assertions about equipment not covered by

5

the contract, thereby inducing Plaintiff to accept the equipment modification and authorize payment. The Court is hard pressed to see how such conduct is not extrinsic to the underlying contract. Relatedly, the Court disagrees with Defendant and holds that Plaintiff's allegations do support a claim for fraud in the inducement. Despite the fact that the original contract was executed before any alleged misrepresentations, it is alleged that Plaintiff was fraudulently induced to accept the equipment modification. Fraud claims based on fraudulent inducement are not barred by the economic loss doctrine. See, e.g., D&D Assocs., 2007 WL 4554208, at *27 (holding that claims for fraudulent inducement are not barred by the economic loss doctrine); Payne, 2007 WL 4591281, at *1 (same). Trane's motion to dismiss Count III of Plaintiff's Complaint is denied.

    II. Count V - Consumer Fraud Act

Plaintiff has adequately alleged a cause of action for breach of the Consumer Fraud Act ("CFA"). Trane asserts that the law of this Court is that the economic loss rule bars CFA claims based on fraud in the performance. The Court declines to rule on this argument, as discussed infra, Plaintiff adequately alleges fraud in the inducement. The Court is satisfied that the economic loss rule does not bar CFA claims based on fraudulent inducement. See, e,g, Alloway, 695 A.2d at 274 (noting that the CFA is an example of a statutory remedy granting the right to recover economic losses); Payne, 2007 WL 4591281, at *10 (allowing CFA claims despite defendant's economic loss argument); In re Ford Motor Co., Civ. No. 03-4558, 2008 WL 4126264, *28 (D.N.J. Sep. 2, 2008) (same). Trane's motion to dismiss Count V of Plaintiff's Complaint is denied.

**III.    CONCLUSION**

Defendant's motion to dismiss Counts III and V of Plaintiff's Complaint (docket entry 7) be and hereby is denied.  An appropriate Order will be filed.

  s/Stanley R. Chesler  
STANLEY R.  CHESLER  
United States District Judge

DATED: November 13, 2009